**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT POTTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS COUNTY JAIL MEDICAL DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01814-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUSPEND PAYMENT OF FILING FEE AND DENYING REQEUST FOR LABELING OF MAIL<br><br>[ECF Nos. 5, 6] |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On December 15, 2015, Plaintiff filed a motion requesting the Court clearly mark all corresponding mail as "legal mail," and a separate motion to suspend payment of the filing fee from his prisoner trust account.

**I.**

**DISCUSSION**

**A.**　**Motion to Suspend Payment of Filing Fee**

　　　　Plaintiff requests that the Court stop deduction of payment for this action from his trust account. Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. "Plaintiffs normally must pay [$350] to file a civil complaint in federal district court, 28 U.S.C. §

1

1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting in forma pauperis status." Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, notwithstanding being granted leave to proceed in forma pauperis, "if a prisoner brings a civil action …, the prisoner shall be required to pay the full amount of a filing fee" through payments deducted from the prisoner's prison trust account. 28 U.S.C. § 1915(b)(1).  After payment of an initial filing fee, if any, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceed $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

In forma pauperis status allows a prisoner's case to proceed without full payment of the filing fee, but does not excuse the prisoner from payment of the filing fee in payments, over time, from the prisoner's trust account.  Under the federal statute, the court is required to collect payments for the filing fee when funds exist. 28 U.S.C. § 1915(b)(1), (2).  Plaintiff's argument that he only collects $2 or $3 from family which is automatically placed in his account and cannot be retrieved is not persuasive.  Thousands of prisoners in similar circumstances are paying the filing fees of their lawsuits in this manner.  Plaintiff provides no evidence that prison officials are not properly collecting payments for the filing fee pursuant to the court's order.  Accordingly, Plaintiff's motion to stop deduction of the filing fee from his prisoner account is DENIED.

### B.     Motion For Labeling of Court Documents

Plaintiff provides no authority to require additional labeling by the Court of any order and/or document sent to Plaintiff in this case.  Furthermore, incoming mail from the courts is not considered "legal mail" and may therefore be opened outside the inmate's presence. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998), quoting Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ([W]ith minute and irrelevant exceptions all correspondence from a court

///
///
///
///

to a litigant is a public document, which prison personnel could if they want inspect in the court's files."). Accordingly, Plaintiff's request for certain labeling of his mail sent by the Court is DENIED.

IT IS SO ORDERED.

Dated: __**December 30, 2015**__

UNITED STATES MAGISTRATE JUDGE