1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINCENT POTTS, | ) Case No. 1:15-cv-01814-SAB (PC) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER DISMISSING FIRST AMENDED |
| | ) COMPLAINT, WITH PREJUDICE, FOR FAILURE |
| STANISLAUS COUNTY JAIL MEDICAL | ) TO STATE A COGNIZABLE CLAIM FOR |
| DEPARTMENT, et al., | ) RELIEF |
| | ) |
| | ) [ECF No. 16] |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 23, 2015. Local Rule 302.

Currently before the Court is Plaintiff's first amended complaint, filed April 14, 2016. (ECF No. 16.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

1

1  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2      A complaint must contain "a short and plain statement of the claim showing that the pleader is

3  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

6  550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally

7  participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,

8  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

9      Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

11  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

12  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

13  the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,

14  556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer

15  possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

16  consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556

17  U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

20      Plaintiff is currently housed at Stanislaus County Jail where the alleged incidents took place.

21  Plaintiff is a post-surgical inmate with severe disc and joint disease, bone spurs, severe bilateral neural

22  forminal stenosis, severe right forminial stenosis, central inferior disc extrusion, and a crooked spine.

23      Upon arrival, Plaintiff's pain medication was confiscated and replaced with medication that is

24  not compatible with Plaintiff's serious medical needs.  Doctor Ho stated that he would increase

25  Plaintiff's medication and evaluate every ninety days but has not responded to Plaintiff.  Plaintiff has

26  not been evaluated by Dr. Ho since September/October 2015.  Dr. Ho never performed an x-ray or

27  sent Plaintiff for an MRI examination.

28

Jen D. informed Plaintiff that all he would receive is Valium and he was lucky to receive that. Plaintiff contends that Dr. Ho refuses to administer a more appropriate fix like Norco #10 or Vicodin.

**III.**

**DISCUSSION**

**A.     Deliberate Indifference to Serious Medical Need**

"Claims by pretrial detainees [such as Plaintiff here] are analyzed under the Fourteenth Amendment Due Process Clause, rather than the Eighth Amendment [, which applies to prisoners in custody pursuant to a judgment of conviction]." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Where a plaintiff alleges inadequate medical care, however, "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [so] we apply the same standards." Id.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-

83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." <u>Snow</u>, 681 F.3d at 988 (citing <u>Jackson</u>, 90 F.3d at 332) (internal quotation marks omitted).

As with Plaintiff's original complaint, the allegations in the amended complaint demonstrate nothing more than his disagreement with the treatment provided by medical personnel at the San Joaquin County Jail. Indeed, the grievance form attached to Plaintiff's original complaint states that medical personnel discussed Plaintiff's current treatment plan with him, and informed Plaintiff that "Dr. Ho's recommendation at this time is to continue with current treatment plan that you agreed to during your last appointment with him on 4/9/15." (ECF No. 1, at 13.) As to Plaintiff's request to see outside physician, Dr. F. Fine, such request was denied by jail staff who stated the following:

> It appears that your Physician F. Fine has been in communication with the Jail Physician Ho. It appears they have discussed your current condition & treatment.
>
> Dr. Fine has indicated that he is satisfied and has no interest in seeing you in his office at this time.
>
> Your request for a pass is denied.

(ECF No. 1, at 16.) It is well-established that Plaintiff's disagreement with prison doctors regarding his medical treatment cannot give rise to a constitutional claim, and inmates are not entitled to their choice of pain medication. <u>Snow v. McDaniel</u>, 681 F.3d at 987. In sum, Plaintiff's disagreement with the fact that he is receiving Valium and Neurontin, instead of Norco or Vicodin for his pain does not give rise to a constitutional violation. <u>Sanchez v. Vild</u>, 891 F.2d at 242. Plaintiff admission that he is receiving Valium and Neurontin demonstrates he is receiving some treatment, and the fact that he believes he should be provided different treatment does not give rise to "deliberate indifference." <u>See Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976) (a physician's decision concerning how to treat a patient's pain "is a classic example of a matter for medical judgment.") Accordingly, Plaintiff fails to state a cognizable claim for relief based on his medical treatment.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff's amended complaint fails to give rise to a cognizable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff was previously provided with notice of the deficiencies in this claims and further leave to amend is not warranted given the similarity between the factual allegations in his original and amended complaints.  Akhtar v. Mesa, 698 F.3d 1202, 1212-1213 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-1131 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).  Accordingly, the instant action is dismissed, with prejudice, for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated:   **May 4, 2016**

UNITED STATES MAGISTRATE JUDGE